IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAYOKA CHAMBERS, | ) | 8:09CV255 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| STAFF-MID AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on July 28, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint on July 28, 2009, against Staff-Mid America, a temporary staffing service. (Filing No. 1 at CM/ECF pp. 1, 7.) Plaintiff is a former Deffenbaugh[1] employee who currently resides in Omaha, Nebraska. (*Id*. at CM/ECF pp. 1, 8.)

Condensed and summarized, Plaintiff sues Defendant for slander. (*Id*. at CM/ECF p. 10.) Specifically, Plaintiff alleges Defendant "slandered [her] name causing [her] to get fired" from Deffenbaugh. (*Id*. at CM/ECF p. 2.) The alleged slander occurred after Plaintiff informed Defendant's representative that they "needed to 'step up to the plate,' because there were other agencies that would like" to do business with Deffenbaugh. (*Id*. at CM/ECF p. 11.) Defendant complained to

---

[1]Defendant provides staffing solutions for Deffenbaugh. (*Id*. at CM/ECF p. 3.)

Deffenbaugh about Plaintiff's comment, "stating that [she] was threatening to take Deffenbaugh's business away from them." (*Id*. at CM/ECF p. 9.) Plaintiff seeks "justice" and wants to know why she was really fired. (*Id*. at CM/ECF pp. 4-5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes

of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff has failed to specify an amount in controversy. She merely seeks "justice." (Filing No. 1 at CM/ECF p. 5.) Further, it is unclear from Plaintiff's Complaint whether both of the parties to this action are citizens of different states. Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Affording the Complaint the most liberal construction, Plaintiff fails to allege that Defendant violated her civil rights. *See, e.g., Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (concluding that slander and defamation claims are not cognizable under section 1983). Further, even if Plaintiff had alleged a claim under 42 U.S.C. § 1983, she has not alleged that a person acting under color of state law caused a violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). An allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if a defendant's actions were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

3

In sum, this court lacks subject matter jurisdiction over Plaintiff's claims and the Complaint must be dismissed. However, because Plaintiff may have state-law claims for slander, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

September 23, 2009.                BY THE COURT:

                                   *Richard G. Kopf*
                                   United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.